

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 6, 1965

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Dear Dr. Edgar:

Opinion No. C-416

Re: Travel expense of State
employees in returning to
headquarters daily or on
weekends.

Your request for an opinion reads as follows:

"The Texas Education Agency requires
personnel to travel together in the same ve-
hicle when the performance of the official
duties permit without injuring the efficiency
of the organization and when it is more eco-
nomical to the State, and to require a group
to return to their official station on week-
ends and/or daily when the cost of transporta-
tion is less than the per diem cost of maintain-
ing the entire group in the field.

"The Division of School Audits has consist-
ently followed this policy. However, the Comp-
troller of Public Accounts is refusing to pay the
January expense account for two of our field au-
ditors, said expense accounts having been submit-
ted in accordance with the above stated policy.
The Comptroller's letter of February 18, return-
ing these two expense accounts to this Agency, is
attached for your information.

"We cite the following examples to illustrate
the application of this Agency's policy:

"Joe Mac Walston (Accompanied by Cox and Gardner)
Mileage Pasadena to Austin on 1/15/65 and return
to Pasadena on 1/18/65.
    346 miles @ 8¢                                   $27.68

Less:  Savings (per diem) effected by
requiring group to return to head-
quarters on weekend:

-1961-

| | | |
|---|---:|---:|
| Friday, January 15 | $2.25 | |
| Saturday, January 16 | 9.00 | |
| Sunday, January 17 | 9.00 | |
| Monday, January 18 | 2.25 | |
| Times three auditors: | | |
| (Cox, Gardner, Walston) | $22.50 | $67.50 |

Net saving to State            $39.82

"Ralph Fairbanks (Accompanied by Welsh)
Mileage Crowley to Austin on 1/15/65 and
return to Euless on 1/18/65.
    381 miles @ 8¢           $30.48

| | | |
|---|---:|---:|
| Less: Savings effected by requiring group to return to headquarters on weekend: | | |
| Saturday, January 16 | $9.00 | |
| Sunday, January 17 | 9.00 | |
| Monday, January 18 | 2.25 | |
| Times two auditors: | | |
| (Welsh, Fairbanks) | $20.25 | $40.50 |

Mileage from Crowley to Fort Worth
for weekend, then to Euless,
29 miles @ 8¢           2.32

Net saving to State            $12.34

"It is our contention that under the terms
of the current Appropriations Act and Attorney
General's Opinion WW-660, we should be allowed to
consider the entire group of personnel rather than
computing per diem and mileage cost on an indivi-
dual basis.

"Please advise whether the policy followed by
this Agency and the method employed in filing expense
claims where a group return is involved is in accor-
dance with the legislative intent set out in the cur-
rent General Appropriations Act. If further informa-
tion is desired with respect to our policy or practice
herein, Mr. William H. Van Horn, our Business Manager
is available therefor."

In passing on the identical policy outlined in your request,
it was held in Attorney General's Opinion WW-660 (1959) that the
policy followed by the Texas Education Agency and the method em-
ployed in filing expense claims where a group return is involved

is in accord with the legislative intent set out in the then current General Appropriation Act. The policy followed by the Texas Education Agency and the method employed in filing expense claims were identical to the policy and method of filing expense claims outlined in your request. Therefore, the sole question to be determined is whether the legislative intent expressed in House Bill 133, Acts of the 55th Legislature, Regular Session, 1957 (General Appropriation Act of the 55th Legislature) was changed by the provisions of the current General Appropriation Act of the 58th Legislature (House Bill 86, Acts of the 58th Legislature, Regular Session, 1963).

The legislative intent expressed in the General Appropriation Act of the 55th Legislature was stated in subdivision e of Section 29 of Article VI, as follows:

"Heads of agencies, or employees to whom the authority has been officially delegated, shall authorize travel and approve travel reimbursement claims. Heads of agencies shall plan the travel of all employees under their authority so as to achieve maximum economy and efficiency. . . ."

Subdivision c of Section 13 of Article V of the current General Appropriation Act of the 58th Legislature states the legislative intent in the following language:

"Heads of agencies shall plan the travel of all employees under their authority so as to achieve maximum economy and efficiency. Travel expenses may be reimbursed from the appropriations made in this Act only where the purposes of travel performed are clearly for the conduct of the State's official business and in consonance with the legal responsibilities of the agency of the State represented."

It is thus noted that the legislative intent in both appropriation bills is expressed in substantially identical language and, therefore, there has been no change in legislative intent regarding traveling expense incurred by a group in returning to headquarters daily or on weekends.

The conflict in interpretation between the Texas Education Agency and the Comptroller of Public Accounts results not from the legislative intent expressed in subdivision c of Section 13 of Article V of the current General Appropriation Act, but rather concerning the provisions of subdivision f of Section 15 of Article V of the current General Appropriation Act of the 58th Legislature,

Hon. J. W. Edgar, page 4 (C-416)

which reads as follows:

"...

"A traveling State employee may return to
his headquarters daily or on the weekend rather
than stay out at State's expense and by so doing
the expense involved shall be considered as State
business, providing however, that the actual ex-
penses involved including per diem, mileage, or
public transportation in returning to headquarters
daily or on weekends shall never exceed the per diem
allowance the employee would have received had he
remained at his post of duty.

"State's business as is applied to daily round
trips, shall be determined by computing the trans-
portation allowance and per diem on a daily basis,
including the first and last day of the trip, and
when the transportation allowance and per diem for
that day exceeds $9.00 per day, only $9.00 for that
day will be allowed."

Attorney General's Opinion WW-660, supra, after determining
the intent of the Legislature with regard to travel expenses and
per diem allowance, as outlined above, construed the provisions of
subdivision g of Section 31 of Article VI of the then current Gener-
al Appropriation Act, as follows:

"Keeping the foregoing statements in mind, let
us now consider the following portion of Section 31
(g) of Article VI of the Appropriation Act:

"'Except when it is cheaper, a traveling
State employee may return to his headquarters
daily or on the week-end rather than stay out
at State's expense; cheaper -- as it applies to
daily round trips shall be determined by comput-
ing the mileage and per diem on a daily basis
and the entire mileage and per diem on any one
day shall not exceed the per diem allowance of
$8.00.'

"Thus, in our opinion, there can be no doubt
that the Legislature intended, and has expressed
its intent, that economy and efficiency shall be
the primary considerations in the planning of and
reimbursement for the travel of State employees in
the performance of their duties.

Hon. J. W. Edgar, page 5 (C-416)

"The portion of Section 31(g) quoted above makes it clear that an employee traveling alone may make daily round trips only when the round trip mileage allowance and per diem does not exceed his maximum per diem allowance of $8.00.

"Let us now consider the situation where two or more State employees are traveling together by private conveyance. As we have pointed out above, group travel of this nature was intended by the Legislature; only one of the group shall receive a travel allowance and all may receive per diem. The maximum per diem would be $8.00 times the number of employees. If the mileage allowance for a daily round trip, plus whatever the per diem for the group would be, does not exceed $8.00 times the number of employees in the group, it would not be as economical for the group to stay out at State's expense as it would be to return to headquarters.

"If a round trip is not made, the obvious result in such a situation is a greater expenditure of State funds. This would not be in keeping with the express intent of the Legislature to effectuate a policy of economy and efficiency with regard to the travel of State employees.

"Therefore, in our opinion, considering the Legislature's express authority for group travel in Section 30(a), the Legislature intended that such group travel be accomplished with economy and efficiency and that group travel with regard to daily round trups be governed by the provisions of Section 31(g) quoted above. That is to say, that even though the wording of this provision regarding daily round trips speaks of 'employee' in the singular, it is our opinion that the Legislature intended that 'employee' include employees traveling in a group and that the $8.00 per diem referred to in Section 31(g) means $8.00 per diem per member of the group."

It is our opinion that the construction of the General Appropriation Act of the 55th Legislature by Attorney General's Opinion WW-660 is equally applicable to the General Appropriation Act of the 58th Legislature, and subdivision f of Section 15, above-quoted, merely states the method of computing traveling expense incurred in returning to headquarters, rather than denying to the heads of

agencies the authority to authorize employees to return to head-quarters so as to achieve the maximum economy and efficiency, as provided in subdivision c of Section 13. In other words, in the event an individual, rather than a group, returns to headquarters either daily or on weekends, such individual's per diem, mileage or public transportation in returning to headquarters is limited to the maximum of $9.00 for that day by the provisions of sub-division f of Section 15. In the instant case, however, a group, rather than an individual, returned to headquarters and the driver of the car is therefore entitled not only to his per diem, but also mileage. The remainder of the group is entitled to only per diem, for that day.

You are therefore advised that the policy followed by the Texas Education Agency where a group return is involved is in ac-cord with the intent of the Legislature. To prohibit the head of a department from considering the entire group of personnel and re-quiring him to compute per diem and mileage cost on an individual basis would result in a greater expenditure of State funds, con-trary to the express intent of the Legislature. Therefore, you are advised that the travel expense claims outlined in your request are payable.

## SUMMARY

The policy followed by the Texas Education Agency where a group return to headquarters is involved, of considering the entire group of personnel rather than computing per diem and mileage cost on an individual basis is in accord with the intent of the Legislature that travel of State employees be accomplished with economy and efficiency.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*

John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm L. Quick
H. Grady Chandler
Joe Long
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone